Mr. Chief Justice Bingham
delivered the opinion of the •Court:
A motion was filed to dismiss the appeals in this case from the Orphans’ Court on the following grounds:
1. That neither the record nor the proceedings in the Orphans’ Court, or in the Court in General Term, show any ■appeal taken or perfected.
2. That the alleged appeal taken from the appointment of E. W. Whittaker as administrator of said estate, is irregular •and on the face of the papers is frivolous and manifestly taken for delay.
The proceeding in the Orphans’ Court was an application made to prove a nuncupative will, and the order of the court was that the paper writing be, and the same is, hereby refused probate and record. This order is signed by the justice holding the Orphans’ Court who made it. Immediately after this order is the following; “From which order or decree an appeal was prayed and allowed. A true copy. Test. L. P. Wright, Register of Wills, District of Columbia.”
*11 The motion to dismiss the appeal is based on the assumption that it was not properly taken, or rather that we have no proper evidence here that an appeal was taken at all in the Orphans’ Court. It is assumed that this is made to appear by the order signed by the judge refusing the probate of the will.
That leads us to inquire what it is necessary to do in order to place upon the record evidence-of the orders and action of the Orphans’ Court in such manner that it will be received as part of the record upon an appeal.
Rule 89 of this court provides that “No order, judgment or decree of any of the courts held by a single justice shall be reviewed in the General Term unless the appeal be taken and perfected within twenty days, Sundays excluded,, after the order, judgment or decree complained of shall have been made or pronounced; and no appeal shall be considered as taken and perfected unless taken in open court and entered on the minutes, or entered in writing in the clerk’s office, and an appeal bond or undertaking be given,” etc.
We find in this rule no support of the assumption of counsel that it was necessary that the notice of appeal, or the praying of an appeal and the allowance of the same, should be embodied in an order signed by the judge holding the court. The only requirement is that it shall be taken in open court and spread upon the minutes, or entered in writing in the clerk’s office. The Register of Wills is the clerk of the Orphans’ Court, and it is his duty to enter upon the minutes or journal of that court the action and orders of the court made by the justice presiding, and there is no absolute requirement in this rule, nor is it usual that there should be any such thing in any other court, as we are advised, that the judge must authenticate each order and act of the court, which it is proper that the clerk should place upon the minutes. Such a practice is a very good one in reference to the orders, decrees and judgments which are ordinarily made by the court, and attorneys in drawing these often secure the signature of the judge to their entries, but there is no absolute requirement of *12 the law that this should be done. It is the duty of the clerk of the court to enter upon the journal all orders and decrees of the court, and when that is done, the record, certified by the clerk under the seal of his court, is evidence of what transpired in the court in the particular matter in question. We find, then, in this case there is evidence in the record that an appeal was taken and allowed in the Orphans’ Court to the General Term, and therefore the motion is not well taken' The motion to dismiss the subsequent order refusing to set aside the appointment of an administrator of the same estate is predicated entirely upon the assumption that the first appeal was not a valid one, and it is only expected, as announced by counsel, that the court will dismiss the second appeal if they should dismiss the appeal upon the first order. Having concluded, as far as the record is concerned, that there appears to be a perjfect appeal on the first order, it follows that the second appeal was likewise properly taken.

The motion, in both instances, therefore, will be ovei'ruled.